

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

March 8, 1963

Hon. Menton J. Murray, Chairman          Opinion No. C-33
Committee on Congressional & Legis-
  lative Districts                        Re:  Whether it is permis-
House of Representatives                       sible to use "Flotorial"
Austin, Texas                                  districts in apportion-
                                               ing the State of Texas
                                               into Congressional Dis-
Dear Mr. Murray:                               tricts.

        You have requested our opinion as to the validity of
the use of "Flotorial Districts" in apportioning the State of
Texas into Congressional Districts. You stated in your request:

        "The Committee on Congressional and Legisla-
    tive Districts in the House of Representatives, of
    which I am Chairman, has before it for considera-
    tion H.B. 522, which seeks to apportion the State
    of Texas into Congressional Districts. Two of the
    districts set forth in this bill are what is com-
    monly known as 'Flotorial' Districts.

        "I have been requested by the Committee to in-
    quire of your office if it is permissible to use
    'Flotorial' Districts in apportioning the State of
    Texas into Congressional Districts."

        As used in Texas, a "Flotorial District" refers to
those districts whose boundaries include a portion of the area
that makes up the territory of one or more other districts. The
two "Flotorial Districts" that are provided for in House Bill
522 are the Fourth and Seventeenth Congressional Districts.
Under the provisions of the bill, Tarrant County is within both
the Fourth and Twelfth Congressional Districts, and Bexar County
is within both the Seventeenth and Twentieth Congressional Dis-
tricts.

        A question similar to this was ruled on in Attorney Gen-
eral's Opinion No. WW-118, dated May 7, 1957, a copy of which is

-142-

Hon. Menton J. Murray, page 2 (C-33)

enclosed for your information. As in that opinion, the
question presented here is whether a given geographic area
may be within more than one Congressional District.

Section 2 of the 14th Amendment to the Constitution
of the United States provides in part:

"Representatives shall be apportioned
among the several states according to their
respective numbers, counting the whole number
of persons in each State, excluding Indians
not taxed. . . ."

Congress before 1929 required that Congressional
Districts be "composed of a contiguous and compact territory,
. . .containing as nearly as practicable an equal number of
inhabitants." /2 U.S.C.A. Sec. 3, 37 Stat. 13, 14 (1911)/.
The Reapportionment Act of 1929 omitted such a requirement by
providing:

"Until a State is redistricted in the
manner provided by the law thereof after any
apportionment, the Representatives to which
such State is entitled under such apportionment
shall be elected in the following manner: (1)
If there is no change in the number of Represen-
tatives, they shall be elected from the districts
then prescribed by the law of such State, and if
any of them are elected from the State at large
they shall continue to be so elected; (2) If there
is an increase in the number of Representatives,
such additional Representative or Representatives
shall be elected from the State at large and the
other Representatives from the districts then pre-
scribed by the law of such State; (3) If there is
a decrease in the number of Representatives but
the number of districts in such State is equal to
such decreased number of Representatives, they
shall be elected from the districts then prescribed
by the law of such State; (4) If there is a de-
crease in the number of Representatives but the
number of districts in such State is less than
such number of Representatives, the number of
Representatives by which such number of districts
is exceeded shall be elected from the State at
large and the other Representatives from the dis-
tricts then prescribed by the law of such State;
or (5) If there is a decrease in the number of
Representatives and the number of districts in

Hon. Menton J. Murray, page 3 (C-33)

        such State exceeds such decreased number of
        Representatives, they shall be elected from
        the State at large."  2 U.S.C.A., Sec. 2a, sub-
        division (c).

        The Federal Constitution and acts of Congress have
left it to the individual states to redistrict themselves in-
to Congressional Districts.  There is no provision in the Texas
Constitution which sets forth the manner in which the State
must be redistricted into Congressional Districts.  In the ab-
sence of any prohibition restricting one Congressional District
from being comprised of a portion of the same area as that of
another Congressional District, we must assume that such re-
districting would be constitutional and valid.

        It should be  pointed out, however, that Congress is
the judge of its own membership.  We have found no state which
has ever employed such a method.

                        S U M M A R Y

        In redistricting the State into Congressional
        Districts the Legislature may include one geographic
        area in more than one Congressional District.

                                Very truly yours,

                                WAGGONER CARR
                                Attorney General

                        By:  Jerry Brock
                                Jerry Brock
                                Assistant

JB:wb:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Paul Robertson
Howard Mays
John Reeves

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone

                        -144-